Latife Neu
1825 NW 65th Street
Seattle, WA 98117
(206) 297-6349
latife@neulegal.com

Hon. Timothy W. Dore
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

ALEX R. BOTTEN,

   Debtor.

_____

ALEX R. BOTTEN,

   Plaintiff,

v.

SALLIE MAE BANK,

   Defendant.

_____

Chapter 7

Cause No.: 24-41762-TWD

Adv. Pro. No.:

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF CERTAIN DEBT
UNDER 11 U.S.C..§523(a)(8)

**I. PARTIES & JURISDICTION**

1.1 Plaintiff is the debtor in the above-referenced proceeding. He filed a petition for relief pursuant to Title 11, Chapter 7 on August 9, 2024.

1.2 Defendant is the Sallie Mae Bank ("Sallie Mae"), a private student loan lender and servicer.

1.3 Plaintiff may serve Defendant by mailing a copy of the Summons and Complaint to the Defendant by first class mail to the below address:

//

COMPLAINT

1

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

Sallie Mae Bank
Attention: President / CEO
300 Continental Drive
Newark, DE 19713-4322

Federal Rule of Bankruptcy Procedure 7004(b)(3).

1.4     This Court has jurisdiction over the subject matter as an adversary proceeding under 11 U.S.C. §523(a) and 28 U.S.C. §1334.

1.5     This is a core proceeding.  This is a proceeding in which the Court can enter a final judgment and over which the Court has jurisdiction pursuant to *Stern v. Marshall*, 564 U.S. 293, 131 S. Ct. 2594 (2011).

## II.     ACTIONS GIVING RISE TO CLAIM

2.1     The Plaintiff attended an educational program at Washington State University from 2015-2019.  He engaged in an online credit completion program in 2020.

2.2     While a student, Plaintiff entered into six private student loans with Sallie Mae as lender.  The total disbursed amount was $112,530.  Plaintiff's father was a co-signer on each loan.

2.3     Based on available information, the loan details are as follows:

| Loan no. | Disb. Date | Disb. Amt | Interest | Approx. Current Balance |
|---|---|---|---|---|
| 1191 | 9/24/15 | $22,000 | 14.25% | $36,743 |
| 1451 | 9/28/16 | $24,842 | 13.25% | $35,470 |
| 7551 | 9/13/17 | $21,422 | 12.75% | $26,981 |
| 8372 | 6/25/18 | $6,306 | 10.375% | $7,353 |
| 6923 | 9/10/18 | $27,260 | 13.25% | $33,876 |
| 1073 | 2/19/20 | $5,350 | 9.375% | $6,083 |
| **TOTAL** | | **$112,530** | | **$146,506** |

2.4     Plaintiff maintained the loans in good standing following completion of his studies, sending a large portion of his monthly income to Sallie Mae.  Temporary payment

COMPLAINT

2

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

reduction accommodations enabled Plaintiff to avoid default at times, but did not offer a permanent solution to this overwhelming debt. The balances ballooned by tens of thousands of dollars, even as he remained in good standing and remitted the required payments.

2.5 In early 2024, Plaintiff found himself unemployed when his employer abruptly closed. He began receiving income replacement in the form of Unemployment payments from the State of Washington, but was unable to continue to make the high payments necessary to meet his loan obligation to Sallie Mae. By June, 2024, the balance owed to Sallie Mae was over $145,000, and the payment demanded was $1,650.

2.6 On information and belief, the loan agreements with the defendant contains a default clause that results in an automatic default upon the filing of a bankruptcy, with the resulting acceleration of the six-figure debt.

2.7 The Plaintiff remains unemployed and has no disposable income with which to pay this debt.

2.8 Even when the Plaintiff finds employment, he will be unable to continue to make the very large payments demanded by Sallie Mae.

2.9 Paying the full accelerated balance ($145,000+), or even the pre-bankruptcy loan payment of $1,650 will represent an undue hardship to the Plaintiff.

2.10 Plaintiff has used his best efforts to minimize his expenses. He shares an apartment with a roommate, lives frugally, and avoids expensive habits such as smoking, gambling, or traveling.

2.11 Prior to bankruptcy– and even after losing his employment, the debtor remained in good standing and paid tens of thousands of dollars toward this debt in good faith.

2.12 The above indicates that the Plaintiff is entitled to a total or partial hardship discharge pursuant to 11 USC 523(a)(8). He has met all of the elements of the *Brunner* test, and is eligible for relief in light of applicable statute and case law.

COMPLAINT

3

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

## III. PRAYER FOR RELIEF

THEREFORE, Plaintiff requests the following:

1. That the Court enter an Order declaring his student loans discharged or partially discharged in this bankruptcy case.

2. For such other additional or different relief as this court deems fit in the interest of justice.

November 12, 202.

Neu Law, PLLC
By:      /s/ Latife H. Neu
Latife H. Neu, WSBA #33144
Attorney for Debtor/Plaintiff Alex R. Botten

COMPLAINT

4

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com